Edwin Aiwazian (SBN 232943)
**LAWYERS *for* JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203
Tel: (818) 265-1020 / Fax: (818) 265-1021

Heather Davis (SBN 239372)
**PROTECTION LAW GROUP LLP**
136 Main Street, Suite A
El Segundo, California, 90245
Telephone: (424) 290-3095
Facsimile: (866) 264-7880

*Attorneys for* Plaintiff

ELECTRONICALLY FILED
Superior Court of California,
County of Orange

02/11/2019 at 05:28:18 PM

Clerk of the Superior Court
By Sarah Loose, Deputy Clerk

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

# FOR THE COUNTY OF ORANGE

| | |
|---|---|
| ESMERALDA FIGUEROA, individually, and on behalf of other members of the general public similarly situated;<br><br>Plaintiff,<br><br>vs.<br><br>LOGISTICARE SOLUTIONS, LLC, an unknown business entity; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.: 30-2019-01050773-CU-OE-CXC<br><br>**CLASS ACTION COMPLAINT FOR DAMAGES**<br><br>(1) Violation of California Business & Professions Code §§ 17200, et seq.<br><br>**DEMAND FOR JURY TRIAL**<br><br>Assigned: Judge William Claster<br>Dept: CX104 |

COMES NOW, Plaintiff ESMERALDA FIGUEROA ("Plaintiff"), individually, and on behalf of other members of the general public similarly situated, and alleges as follows:

## JURISDICTION AND VENUE

1. This class action is brought pursuant to the California Code of Civil Procedure section 382. The monetary damages and restitution sought by Plaintiff exceeds the minimal jurisdiction limits of the Superior Court and will be established according to proof at trial. The "amount in controversy" for the named Plaintiff, including but not limited to claims for compensatory damages, restitution, penalties, wages, premium pay, and pro rata share of attorneys' fees, is less than seventy-five thousand dollars ($75,000).

2. This Court has jurisdiction over this action pursuant to the California Constitution, Article VI, Section 10, which grants the superior court "original jurisdiction in all other causes" except those given by statute to other courts. The statutes under which this action is brought do not specify any other basis for jurisdiction.

3. This Court has jurisdiction over Defendant because, upon information and belief, Defendant is a citizen of California, has sufficient minimum contacts in California, or otherwise intentionally avails itself of the California market so as to render the exercise of jurisdiction over it by the California courts consistent with traditional notions of fair play and substantial justice.

4. Venue is proper in this Court because, upon information and belief, Defendant maintains offices, has agents, and/or transacts business in the State of California, County of Orange. The majority of acts and omissions alleged herein relating to Plaintiff and the other class members took place in the State of California, including the County of Orange.

## PARTIES

5. Plaintiff ESMERALDA FIGUEROA is an individual residing in the State of California, County of Orange.

6. Defendant LOGISTICARE SOLUTIONS, LLC, at all times herein mentioned, was and is, upon information and belief, a California corporation, and at all times herein

///

1. mentioned, an employer whose employees are engaged throughout the State of California, including the County of Orange.

7. At all relevant times, Defendant LOGISTICARE SOLUTIONS, LLC and was the "employer" of Plaintiff within the meaning of all applicable California state laws and statutes.

8. At all times herein relevant, Defendants LOGISTICARE SOLUTIONS, LLC and DOES 1 through 100, and each of them, were the agents, partners, joint venturers, joint employers, representatives, servants, employees, successors-in-interest, co-conspirators and assigns, each of the other, and at all times relevant hereto were acting within the course and scope of their authority as such agents, partners, joint venturers, joint employers, representatives, servants, employees, successors, co-conspirators and assigns, and all acts or omissions alleged herein were duly committed with the ratification, knowledge, permission, encouragement, authorization and consent of each defendant designated herein.

9. The true names and capacities, whether corporate, associate, individual or otherwise, of defendants DOES 1 through 100, inclusive, are unknown to Plaintiff who sues said defendants by such fictitious names. Plaintiff is informed and believes, and based on that information and belief alleges, that each of the defendants designated as a DOE is legally responsible for the events and happenings referred to in this Complaint, and unlawfully caused the injuries and damages to Plaintiff and the other class members as alleged in this Complaint. Plaintiff will seek leave of court to amend this Complaint to show the true names and capacities when the same have been ascertained.

10. Defendants LOGISTICARE SOLUTIONS, LLC and DOES 1 through 100 will hereinafter collectively be referred to as "Defendants."

11. Plaintiff further alleges that Defendants directly or indirectly controlled or affected the working conditions, wages, working hours, and conditions of employment of Plaintiff and the other class members so as to make each of said defendants employers and employers liable under the statutory provisions set forth herein.

///

## CLASS ACTION ALLEGATIONS

12. Plaintiff brings this action on her own behalf and on behalf of all other members of the general public similarly situated, and, thus, seeks class certification under Code of Civil Procedure section 382.

13. The proposed class is defined as follows:

> All current and former hourly-paid or non-exempt individuals employed by any of the Defendants within the State of California at any time during the period from four years preceding the filing of this Complaint to final judgment.

14. Plaintiff reserves the right to establish subclasses as appropriate.

15. The class is ascertainable and there is a well-defined community of interest in the litigation:

    a. <u>Numerosity</u>: The class members are so numerous that joinder of all class members is impracticable. The membership of the entire class is unknown to Plaintiff at this time; however, the class is estimated to be greater than fifty (50) individuals and the identity of such membership is readily ascertainable by inspection of Defendants' employment records.

    b. <u>Typicality</u>: Plaintiff's claims are typical of all other class members' as demonstrated herein. Plaintiff will fairly and adequately protect the interests of the other class members with whom she has a well-defined community of interest.

    c. <u>Adequacy</u>: Plaintiff will fairly and adequately protect the interests of each class member, with whom she has a well-defined community of interest and typicality of claims, as demonstrated herein. Plaintiff has no interest that is antagonistic to the other class members. Plaintiff's attorneys, the proposed class counsel, are versed in the rules governing class action discovery, certification, and settlement. Plaintiff has incurred, and during the pendency of this action will continue to incur, costs and attorneys' fees, that have been, are, and will be necessarily

4

CLASS ACTION COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

expended for the prosecution of this action for the substantial benefit of each class member.

    d.   <u>Superiority</u>: A class action is superior to other available methods for the fair and efficient adjudication of this litigation because individual joinder of all class members is impractical.

    e.   <u>Public Policy Considerations</u>: Certification of this lawsuit as a class action will advance public policy objectives. Employers of this great state violate employment and labor laws every day. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. However, class actions provide the class members who are not named in the complaint anonymity that allows for the vindication of their rights.

16. There are common questions of law and fact as to the class members that predominate over questions affecting only individual members. The following common questions of law or fact, among others, exist as to the members of the class:

    a.   Whether Defendants' failure to pay wages, without abatement or reduction, in accordance with the California Labor Code, was willful;

    b.   Whether Defendants' had a corporate policy and practice of failing to pay their hourly-paid or non-exempt employees within the State of California for all hours worked and missed (short, late, interrupted, and/or missed altogether) meal periods and rest breaks in violation of California law;

    c.   Whether Defendants required Plaintiff and the other class members to work over eight (8) hours per day and/or over forty (40) hours per week and failed to pay the legally required overtime compensation to Plaintiff and the other class members;

    d.   Whether Defendants deprived Plaintiff and the other class members of meal and/or rest periods or required Plaintiff and the other class

members to work during meal and/or rest periods without compensation;

e. Whether Defendants failed to pay minimum wages to Plaintiff and the other class members for all hours worked;

f. Whether Defendants failed to pay all wages due to Plaintiff and the other class members within the required time upon their discharge or resignation;

g. Whether Defendants failed to timely pay all wages due to Plaintiff and the other class members during their employment;

h. Whether Defendants complied with wage reporting as required by the California Labor Code, including, *inter alia*, section 226;

i. Whether Defendants kept complete and accurate payroll records as required by the California Labor Code, including, *inter alia*, section 1174(d);

j. Whether Defendants failed to reimburse Plaintiff and the other class members for necessary business-related expenses and costs;

k. Whether Defendants' conduct was willful or reckless;

l. Whether Defendants engaged in unfair business practices in violation of California Business & Professions Code section 17200, et seq.;

m. The appropriate amount of damages, restitution, and/or monetary penalties resulting from Defendants' violation of California law; and

n. Whether Plaintiff and the other class members are entitled to compensatory damages pursuant to the California Labor Code.

**GENERAL ALLEGATIONS**

17. At all relevant times set forth herein, Defendants employed Plaintiff and other persons as hourly-paid or non-exempt employees within the State of California, including the County of Orange.

///

///

18. Defendants, jointly and severally, employed Plaintiff as an hourly-paid, non-exempt employee from approximately March 2015 to approximately November 2015, in the State of California, County of Orange.

19. Defendants hired Plaintiff and the other class members and classified them as hourly-paid or non-exempt employees, and failed to compensate them for all hours worked and missed meal periods and/or rest breaks.

20. Defendants had the authority to hire and terminate Plaintiff and the other class members, to set work rules and conditions governing Plaintiff's and the other class members' employment, and to supervise their daily employment activities.

21. Defendants exercised sufficient authority over the terms and conditions of Plaintiff's and the other class members' employment for them to be joint employers of Plaintiff and the other class members.

22. Defendants directly hired and paid wages and benefits to Plaintiff and the other class members.

23. Defendants continue to employ hourly-paid or non-exempt employees within the State of California.

24. Plaintiff and the other class members worked over eight (8) hours in a day, and/or forty (40) hours in a week during their employment with Defendants.

25. Plaintiff is informed and believes, and based thereon alleges, that Defendants engaged in a pattern and practice of wage abuse against their hourly-paid or non-exempt employees within the State of California. This pattern and practice involved, *inter alia*, failing to pay them for all regular and/or overtime wages earned and for missed meal periods and rest breaks in violation of California law.

26. Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive certain wages for overtime compensation and that they were not receiving accurate overtime compensation for all overtime hours worked.

///

27. Plaintiff is informed and believes, and based thereon alleges, that Defendants failed to provide Plaintiff and the other class members all required rest and meal periods during the relevant time period as required under the Industrial Welfare Commission Wage Orders and thus they are entitled to any and all applicable penalties.

28. Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive all meal periods or payment of one additional hour of pay at Plaintiff's and the other class member's regular rate of pay when a meal period was missed, and they did not receive all meal periods or payment of one additional hour of pay at Plaintiff's and the other class member's regular rate of pay when a meal period was missed.

29. Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive all rest periods or payment of one additional hour of pay at Plaintiff's and the other class member's regular rate of pay when a rest period was missed, and they did not receive all rest periods or payment of one additional hour of pay at Plaintiff's and the other class members' regular rate of pay when a rest period was missed.

30. Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive at least minimum wages for compensation and that they were not receiving at least minimum wages for all hours worked.

31. Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive all wages owed to them upon discharge or resignation, including overtime and minimum wages and meal and rest period premiums, and they did not, in fact, receive all such wages owed to them at the time of their discharge or resignation.

32. Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive all wages owed to them during their employment. Plaintiff and the other class members did

not receive payment of all wages, including overtime and minimum wages and meal and rest period premiums, within any time permissible under California Labor Code section 204.

33. Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive complete and accurate wage statements in accordance with California law, but, in fact, they did not receive complete and accurate wage statements from Defendants. The deficiencies included, inter alia, the failure to include the total number of hours worked by Plaintiff and the other class members.

34. Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Defendants had to keep complete and accurate payroll records for Plaintiff and the other class members in accordance with California law, but, in fact, did not keep complete and accurate payroll records.

35. Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to reimbursement for necessary business-related expenses.

36. Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that they had a duty to compensate Plaintiff and the other class members pursuant to California law, and that Defendants had the financial ability to pay such compensation, but willfully, knowingly, and intentionally failed to do so, and falsely represented to Plaintiff and the other class members that they were properly denied wages, all in order to increase Defendants' profits.

37. During the relevant time period, Defendants failed to pay overtime wages to Plaintiff and the other class members for all overtime hours worked. Plaintiff and the other class members were required to work more than eight (8) hours per day and/or forty (40) hours per week without overtime compensation for all overtime hours worked.

38. During the relevant time period, Defendants failed to provide all requisite uninterrupted meal and rest periods to Plaintiff and the other class members.

///

39. During the relevant time period, Defendants failed to pay Plaintiff and the other class members at least minimum wages for all hours worked.

40. During the relevant time period, Defendants failed to pay Plaintiff and the other class members all wages owed to them upon discharge or resignation.

41. During the relevant time period, Defendants failed to pay Plaintiff and the other class members all wages within any time permissible under California law, including, inter alia, California Labor Code section 204.

42. During the relevant time period, Defendants failed to provide complete or accurate wage statements to Plaintiff and the other class members.

43. During the relevant time period, Defendants failed to keep complete or accurate payroll records for Plaintiff and the other class members.

44. During the relevant time period, Defendants failed to reimburse Plaintiff and the other class members for all necessary business-related expenses and costs.

45. During the relevant time period, Defendants failed to properly compensate Plaintiff and the other class members pursuant to California law in order to increase Defendants' profits.

46. California Labor Code section 218 states that nothing in Article 1 of the Labor Code shall limit the right of any wage claimant to "sue directly . . . for any wages or penalty due to him [or her] under this article."

## FIRST CAUSE OF ACTION

**(Violation of California Business & Professions Code §§ 17200, et seq.)**

**(Against LOGISTICARE SOLUTIONS, LLC and DOES 1 through 100)**

47. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 46, and each and every part thereof with the same force and effect as though fully set forth herein.

48. Defendants' conduct, as alleged in this Complaint, has been, and continues to be, unfair, unlawful and harmful to Plaintiff and the other class members, and Defendants' competitors. Accordingly, Plaintiff and the other class members seek to enforce important

rights affecting the public interest within the meaning of Code of Civil Procedure section 1021.5.

49. Defendants' activities as alleged herein are violations of California law, and constitute unlawful business acts and practices in violation of California Business & Professions Code section 17200, et seq.

50. A violation of California Business & Professions Code section 17200, et seq. may be predicated on the violation of any state or federal law. In this instant case, Defendants' policies and practices of requiring employees, including Plaintiff and the other class members, to work overtime without paying them proper compensation violate California Labor Code sections 510 and 1198. Additionally, Defendants' policies and practices of requiring employees, including Plaintiff and the other class members, to work through their meal and rest periods without paying them proper compensation violate California Labor Code sections 226.7 and 512(a). Defendants' policies and practices of failing to pay minimum wages violate California Labor Code sections 1194, 1197, and 1197.1. Moreover, Defendants' policies and practices of failing to timely pay wages to Plaintiff and the other class members violate California Labor Code sections 201, 202, and 204. Defendants also violated California Labor Code sections 226(a), 1174(d), 2800, and 2802.

**Failure to Pay Overtime**

51. Defendants' failure to pay overtime in violation of the Wage Orders and California Labor Code sections 510 and 1198, as alleged above, constitutes unlawful and/or unfair activity prohibited by California Business & Professions Code section 17200, et seq.

**Failing to Provide Meal Periods**

52. Defendants' failure to provide legally required meal periods in violation of the Wage Orders and California Labor Code sections 226.7 and 512(a), as alleged above, constitutes unlawful and/or unfair activity prohibited by California Business & Professions Code section 17200, et seq.

///

///

### Failure to Provide Rest Periods

53. Defendants' failure to provide legally required rest periods in violation of the Wage Orders and California Labor Code section 226.7, as alleged above, constitutes unlawful and/or unfair activity prohibited by California Business & Professions Code section 17200, et seq.

### Failure to Pay Minimum Wages

54. Defendants' failure to pay minimum wages in violation of the Wage Orders and California Labor Code sections 1194, 1197 and 1197.1, as alleged above, constitutes unlawful and/or unfair activity prohibited by California Business & Professions Code section 17200, et seq.

### Failure to Timely Pay Wages Upon Termination

55. Defendants' failure to timely pay wages upon termination in violation of California Labor Code sections 201 and 202, as alleged above, constitutes unlawful and/or unfair activity prohibited by California Business & Professions Code section 17200, et seq.

### Failure to Timely Pay Wages During Employment

56. Defendants' failure to timely pay wages during employment in violation of California Labor Code section 204, as alleged above, constitutes unlawful and/or unfair activity prohibited by California Business & Professions Code section 17200, et seq.

### Failure to Provide Compliant Wage Statements

57. Defendants' failure to provide compliant wage statements in violation of California Labor Code section 226(a), as alleged above, constitutes unlawful and/or unfair activity prohibited by California Business & Professions Code section 17200, et seq.

### Failure to Keep Complete or Accurate Payroll Records

58. Defendants' failure to keep complete or accurate payroll records in violation of California Labor Code section 1174(d), as alleged above, constitutes unlawful and/or unfair activity prohibited by California Business & Professions Code section 17200, et seq.

///

///

**Failure to Reimburse Necessary Business Expenses**

59. Defendants' failure to reimburse all necessary business-related expenses and costs in violation of California Labor Code sections 2800 and 2802, as alleged above, constitutes unlawful and/or unfair activity prohibited by California Business & Professions Code section 17200, et seq.

60. As a result of the herein described violations of California law, Defendants unlawfully gained an unfair advantage over other businesses.

61. Plaintiff and the other class members have been personally injured and continue to be injured by Defendants' unlawful business acts and practices as alleged herein, including, but not necessarily limited to, the loss of money and/or property.

62. Pursuant to California Business & Professions Code section 17200, et seq., Plaintiff and the other class members are entitled to restitution of the wages and other monies wrongfully withheld and retained by Defendants pursuant to California Labor Code sections 510 and 1198.

63. Pursuant to California Business & Professions Code section 17200, et seq., Plaintiff and the other class members are entitled to restitution of the wages withheld and retained by Defendants during a period that commences from four years preceding the filing of this Complaint; an award of attorneys' fees pursuant to California Code of Civil Procedure section 1021.5 and other applicable laws; and an award of costs.

## DEMAND FOR JURY TRIAL

Plaintiff, individually, and on behalf of other members of the general public similarly situated, requests a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all other members of the general public similarly situated, prays for relief and judgment against Defendants, jointly and severally, as follows:

### Class Certification

1. That this action be certified as a class action;

2. That Plaintiff be appointed as the representative of the Class;

3. That counsel for Plaintiff be appointed as Class Counsel; and

4. That Defendants provide to Class Counsel immediately the names and most current/last known contact information (address, e-mail and telephone numbers) of all class members.

### As to the First Cause of Action

5. That the Court declare, adjudge and decree that Defendants violated California Business and Professions Code sections 17200, et seq. by failing to provide Plaintiff and the other class members all overtime compensation due to them, failing to provide all meal and rest periods to Plaintiff and the other class members, failing to pay at least minimum wages to Plaintiff and the other class members, failing to pay Plaintiff's and the other class members' wages timely as required by California Labor Code section 201, 202 and 204 and by violating California Labor Code sections 226(a), 1174(d), 2800, and 2802.

6. For restitution of unpaid wages to Plaintiff and all the other class members and all pre-judgment interest from the day such amounts were due and payable;

7. For the appointment of a receiver to receive, manage and distribute any and all funds disgorged from Defendants and determined to have been wrongfully acquired by Defendants as a result of violation of California Business and Professions Code sections 17200, et seq.;

8. For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Code of Civil Procedure section 1021.5;

9. For injunctive relief to ensure compliance with this section, pursuant to California Business and Professions Code sections 17200, et seq.; and

10. For such other and further relief as the court may deem just and proper.

Dated: February 11, 2019
                       **LAWYERS *for* JUSTICE, PC**

                       By: _____
                       Edwin Aiwazian
                       *Attorneys for* Plaintiff

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Edwin Aiwazian (SBN 232943)<br>LAWYERS for JUSTICE, PC<br>410 Arden Avenue, Suite 203<br>Glendale, California 91203<br>TELEPHONE NO.: (818) 265-1020   FAX NO.: (818) 265-1021<br>ATTORNEY FOR (Name): Plaintiff Esmeralda Figueroa | **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of Orange<br><br>02/11/2019 at 05:28:18 PM<br><br>Clerk of the Superior Court<br>By Sarah Loose, Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Orange
STREET ADDRESS: 751 W. Santa Ana Blvd.
MAILING ADDRESS:
CITY AND ZIP CODE: Santa Ana, 92701
BRANCH NAME: Civil Complex Center

CASE NAME: Figueroa vs. Logisticare Solutions, LLC

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: 30-2019-01050773-CU-OE-CXC |
|---|---|---|
| ☑ Unlimited  ☐ Limited<br>(Amount demanded exceeds $25,000) (Amount demanded is $25,000 or less) | ☐ Counter  ☐ Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: Judge William Claster<br>DEPT: CX104 |

Items 1–6 below must be completed (see instructions on page 2).

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☑ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition (not specified above) (43)

2. This case ☑ is  ☐ is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☑ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☑ Substantial amount of documentary evidence
   d. ☑ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☑ monetary  b. ☑ nonmonetary; declaratory or injunctive relief  c. ☑ punitive
4. Number of causes of action (specify): One
5. This case ☑ is  ☐ is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: February 11, 2019

Edwin Aiwazian
(TYPE OR PRINT NAME)                          ▶ /s/ Edwin Aiwazian
                                              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
   Auto (22)–Personal Injury/Property
      Damage/Wrongful Death
   Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
   Asbestos (04)
      Asbestos Property Damage
      Asbestos Personal Injury/ Wrongful Death
   Product Liability *(not asbestos or toxic/environmental)* (24)
   Medical Malpractice (45)
      Medical Malpractice– Physicians & Surgeons
      Other Professional Health Care Malpractice
   Other PI/PD/WD (23)
      Premises Liability (e.g., slip and fall)
      Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
      Intentional Infliction of Emotional Distress
      Negligent Infliction of Emotional Distress
      Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
   Business Tort/Unfair Business Practice (07)
   Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
   Defamation (e.g., slander, libel) (13)
   Fraud (16)
   Intellectual Property (19)
   Professional Negligence (25)
      Legal Malpractice
      Other Professional Malpractice *(not medical or legal)*
   Other Non-PI/PD/WD Tort (35)

**Employment**
   Wrongful Termination (36)
   Other Employment (15)

**Contract**
   Breach of Contract/Warranty (06)
      Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
      Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
      Negligent Breach of Contract/ Warranty
      Other Breach of Contract/Warranty
   Collections (e.g., money owed, open book accounts) (09)
      Collection Case–Seller Plaintiff
      Other Promissory Note/Collections Case
   Insurance Coverage *(not provisionally complex)* (18)
      Auto Subrogation
      Other Coverage
   Other Contract (37)
      Contractual Fraud
      Other Contract Dispute

**Real Property**
   Eminent Domain/Inverse Condemnation (14)
   Wrongful Eviction (33)
   Other Real Property (e.g., quiet title) (26)
      Writ of Possession of Real Property
      Mortgage Foreclosure
      Quiet Title
      Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
   Commercial (31)
   Residential (32)
   Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
   Asset Forfeiture (05)
   Petition Re: Arbitration Award (11)
   Writ of Mandate (02)
      Writ–Administrative Mandamus
      Writ–Mandamus on Limited Court Case Matter
      Writ–Other Limited Court Case Review
   Other Judicial Review (39)
      Review of Health Officer Order
      Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
   Antitrust/Trade Regulation (03)
   Construction Defect (10)
   Claims Involving Mass Tort (40)
   Securities Litigation (28)
   Environmental/Toxic Tort (30)
   Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
   Enforcement of Judgment (20)
      Abstract of Judgment (Out of County)
      Confession of Judgment *(non-domestic relations)*
      Sister State Judgment
      Administrative Agency Award *(not unpaid taxes)*
      Petition/Certification of Entry of Judgment on Unpaid Taxes
      Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
   RICO (27)
   Other Complaint *(not specified above)* (42)
      Declaratory Relief Only
      Injunctive Relief Only *(non-harassment)*
      Mechanics Lien
      Other Commercial Complaint Case *(non-tort/non-complex)*
      Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
   Partnership and Corporate Governance (21)
   Other Petition *(not specified above)* (43)
      Civil Harassment
      Workplace Violence
      Elder/Dependent Adult Abuse
      Election Contest
      Petition for Name Change
      Petition for Relief From Late Claim
      Other Civil Petition

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

LOGISTICARE SOLUTIONS, LLC, an unknown business entity; and DOES 1 through 100, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

ESMERALDA FIGUEROA, individually, and on behalf of other members of the general public similarly situated;

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange

02/11/2019 at 05:28:18 PM

Clerk of the Superior Court
By Sarah Loose, Deputy Clerk

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Superior Court of the State of California
County of Orange-Civil Complex Center
751 West Santa Ana Boulevard, Santa Ana, California 92701

**CASE NUMBER:**
*(Número del Caso):*
30-2019-01050773-CU-OE-CXC

Judge William Claster

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Edwin Aiwazian, 410 Arden Ave., Suite 203, Glendale, CA 91203; Telephone (818) 265-1020

DATE: 02/11/2019    Clerk, by DAVID H. YAMASAKI, Clerk of the Court    /s/ Loose    , Deputy
*(Fecha)*    *(Secretario)*    *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*    Sarah Loose

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☐ on behalf of *(specify)*:

   under: ☐ CCP 416.10 (corporation)           ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov