# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

JS-6

## CIVIL MINUTES – GENERAL

Case No. SA CV 20-01112-DOC-JDE                          Date: October 10, 2020

Title: ESMERALDA FIGUEROA ET AL V. LOGISTICARE SOLUTIONS, LLC, ET AL.

PRESENT:

### THE HONORABLE DAVID O. CARTER, JUDGE

| Kelly Davis | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):**    **ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [10]**

Before the Court is Plaintiff Esmeralda Figueroa's ("Plaintiff") Motion to Remand Case to Orange County Superior Court ("Motion") (Dkt. 10). The Court finds this matter appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78; C.D. Cal. R. 7-15. Having reviewed the moving papers submitted by the parties, the Court **GRANTS** Plaintiff's Motion.

## I. Background

This action concerns Plaintiff's putative wage and hour class action brought against Defendant Logisticare Solutions ("Defendant"). Mot. at 3. Plaintiff's First Amended Complaint alleges eleven state law causes of action for miscellaneous violations of the California Labor Code and California Business and Professions Code. Plaintiff originally filed suit in the Superior Court of California, County of Orange. Dkt. 1. Defendant removed this action to federal court on June 25, 2020, citing the Class Action Fairness Act (CAFA) as the jurisdictional basis. *Id*.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 20-01112-DOC-JDE                                  Date: October 10, 2020
                                                                                                            Page 2

## II.     Legal Standard

A defendant may remove an action from state court to federal court if the plaintiff could have originally filed the action in federal court. *See* 28 U.S.C. §§ 1441(a). CAFA provides federal subject matter jurisdiction only if (1) the proposed plaintiff class is not less than 100 members, (2) the parties are minimally diverse, and (3) the aggregate amount in controversy exceeds $5 million. 28 U.S.C. §§ 1332(d)(2), (6). As with traditional removal, the burden of establishing federal subject matter jurisdiction under CAFA remains with the party seeking removal. *Abrego v. Dow Chem. Co*., 443 F.3d 676, 683 (9th Cir. 2006) (citing *Gaus v. Miles, Inc*., 980 F.2d 564, 566 (9th Cir. 1992)). Where it is not apparent from the face of the complaint, the removing party "must prove by a preponderance of the evidence that the amount in controversy requirement has been met." *Id*. at 683. While "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold … [e]vidence establishing the amount is required" where plaintiffs contest the amount in controversy put forth by defendants. *Dart Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014). "Under this system, a defendant cannot establish removal jurisdiction by mere speculation and conjecture . . . ." *Ibarra v. Manheim Investments, Inc*., 775 F.3d 1193, 1197 (9th Cir. 2015).

## III.    Discussion

Defendant argues that CAFA gives this Court jurisdiction over this action. Plaintiff disagrees, arguing that Defendant has failed to meet its burden with respect to establishing the $5 million amount in controversy. Mot. at 2.

Defendant argues that the total amount in controversy is $6,136,153.50, comfortably over the $5 million threshold. Opposition at 20. Defendant's estimate is based in large part on its assumption of a 100% violation rate for "rest period, meal period, unpaid overtime, wage statement penalty, and waiting time penalty claims by all putative class members." Reply at 10; Opp. at 6. That is, it assumes that every class member's rights were violated during "*each* shift or *every* workweek." Rep. at 10 (emphasis original).

Courts have been careful not to assume a 100% violation rate in the absence of specific proof. *See Letuligasenoa v. Int'l Paper Co*., No. 5:13-CV-05272-EJD, 2014 WL 2115246, at *5–6 (N.D. Cal. May 20, 2014) (rejecting application of 100 % violation rate and stating that employing the standard would "improperly shift the burden to plaintiff to refute speculative assertions of jurisdiction and establish that there is no jurisdiction.").

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 20-01112-DOC-JDE　　　　　　　　　　　　　　　　　　Date: October 10, 2020
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 3

Instead, "the proper approach is to require the removing defendant to point to specific evidence or allegations in the plaintiff's *complaint* that support the use of a 100% violation rate." *Sanchez v. Russell Sigler, Inc.*, 2015 U.S. Dist. *LEXIS* 55667, *15–16 (C.D. Cal. Apr. 28, 2015) (emphasis added).

　　　Here, Defendant's primary source of evidence in support of its use of a 100% violation rate and the resultant $6.1 million amount in controversy is a letter related to Plaintiff *Bean's* claim under the California Labor Code Private Attorneys General Act of 2004 ("PAGA Letter"). However, the Ninth Circuit has held that "[w]here a plaintiff files an action containing class claims as well as non-class claims . . . the amount involved in the non-class claims cannot be used to satisfy the CAFA jurisdictional amount." *Yocupicio v. PAE Grp., LLC*, 795 F.3d 1057, 1062 (9th Cir. 2015). The Court agrees with Plaintiff's logic that the Ninth Circuit's rulings on the inclusion of PAGA claims in the amount in controversy for CAFA purposes preclude Defendant's use of the allegations set forth in the PAGA letter to establish the validity of a 100% violation rate in this case. Rep. at 13–14. The Court thus finds Defendant's amount in controversy calculations to be little more than "speculation and conjecture," and it accordingly lacks jurisdiction over this matter under CAFA. *Ibarra*, 775 F.3d at 1197.

　　　When remanding a case, a court may, in its discretion, "require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c); *see also Jordan v. Nationstar Mortg. LLC*, 781 F.3d 1178, 1184 (9th Cir. 2015). Typically, a court may only award fees and costs when "the removing party lacked an objectively reasonable basis for seeking removal." *Id.* (quoting *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005)). In making this determination, courts should look at whether the removing party's arguments are "clearly foreclosed" by the relevant case law. *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1066-67 (9th Cir. 2008). The Ninth Circuit has further clarified that "removal is not objectively unreasonable solely because the removing party's arguments lack merit," *id.* at 1065, though a court need not find the removing party acted in bad faith before awarding fees under § 1447(c), *Moore v. Permanente Med. Grp.*, 981 F.2d 443, 446 (9th Cir. 1992).

　　　Here, while the Court finds that removal was improper, the Court concludes that it was not so inconceivable as to meet the "objectively unreasonable" standard. As a result, the Court declines to award Plaintiff attorneys' fees.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | |
|---|---:|
| Case No. SA CV 20-01112-DOC-JDE | Date: October 10, 2020 |
| | Page 4 |

## IV. Disposition

For the reasons set forth above, the Court **GRANTS** Plaintiff's Motion to Remand. The case is remanded to Orange County Superior Court.

The Clerk shall serve this minute order on the parties.

| | |
|---|---:|
| MINUTES FORM 11 | Initials of Deputy Clerk: kd |

CIVIL-GEN